[No. 14278.   Department Two.   July 31, 1917.]

THE STATE OF WASHINGTON, *on the Relation of
F. E. Warner, Plaintiff*, v. THE SUPERIOR COURT
FOR CHELAN COUNTY, *Respondent*.[1]

MORTGAGES—FORECLOSURE—SALE—POSSESSION—RIGHTS OF SECOND
MORTGAGEE—WRIT OF ASSISTANCE. ·Where a second mortgagee fore-
closed against the mortgagors only, and prior to his obtaining pos-
session as purchaser under the sale, a prior mortgage was fore-
closed and the purchaser at such sale obtained possession, the sec-
ond mortgagee has rights as a redemptioner only, and is not en-
titled to a writ of assistance to put him in possession.

CERTIORARI—APPLICATION—STATEMENT OF GROUNDS. A writ of cer-
tiorari to review error will not be granted, unless the application
points out the specific error committed, when none appears on the
face of the record, and it is not sufficient to state that the action
"was erroneous and not according to the rules of the common law."

Application filed in the supreme court July 3, 1917, for a
writ of certiorari to review an order of the superior court for
Chelan county, Grimshaw, J., denying a writ of assistance.
Denied.

*O. P. Barrows*, for relator.

*Arthur G. Morey*, for respondent.

MOUNT, J.—This is an application for a writ of certiorari
to review an order of the superior court of Chelan county
denying to the relator a writ of assistance for the possession
of certain real estate.

The facts, as shown by the application and the answer
thereto, are substantially as follows:   On the 6th day of
January, 1915, Selena Shantz and F. E. Shantz executed
their three promissory notes, aggregating $850, in favor of
the relator.   These notes were secured by a second mortgage
upon an orchard tract of farming land then owned and oc-
cupied by the makers of the notes and mortgage.   This mort-

[1]Reported in 166 Pac. 791.

gage was subject to another mortgage of $4,000, then of record, in favor of Veronica Cressman. On January 15, 1916, one of the notes held by the relator becoming due, relator brought an action to foreclose his mortgage for the amount of the notes—$850, with interest, costs, and attorney's fees. The makers of the notes and mortgage were the only parties defendant. Thereafter a decree of foreclosure was entered, and on May 20, 1916, the property was sold to satisfy the relator's mortgage, and was bid in by him for the sum of $400. This sale was afterwards confirmed. In the meantime, on April 27, 1916, Mrs. Cressman brought an action to foreclose her mortgage for $4,000. The makers of the mortgage and the relator, F. E. Warner, were made parties defendant. The mortgagors did not resist the foreclosure. It was resisted only by the relator, Warner, and a decree was entered adjudging this $4,000 mortgage to be a prior mortgage and ordering a sale of the property to satisfy the same. This sale was had on March 24, 1917. After this sale, Mrs. Cressman, who bid in the property for the face of her mortgage, went into possession of the property by consent of the mortgagors, and now has possession. On May 28, 1917, this relator applied to the superior court of Chelan county, where the property was situated, for a writ of assistance to put him in possession under his sale made pursuant to the foreclosure of the $850 mortgage. The trial court denied the writ of assistance, and he now applies to this court for a writ to review that order. No specific error of the trial court in denying the writ of assistance is pointed out. The applicant states

"That the action of said court in refusing to grant said writ of assistance as aforesaid was erroneous and not according to the rules of the common law."

Upon the record before us, it is plain that the relator had a subsequent mortgage upon the property in question. He foreclosed that mortgage, bid the property in, and the sale was confirmed by an order of the court. Prior to the time

he obtained possession, a prior mortgage was foreclosed—
the relator being a party defendant in that foreclosure—the
property was sold, and the prior mortgagee bid in the prop-
erty and took possession thereof by consent of the mort-
gagors.

It seems too plain for argument that the relator here has
the rights of a redemptioner only. Until such redemption,
he clearly has no right to possession of the mortgaged prem-
ises ahead of the prior mortgagee, who has foreclosed her
mortgage, bid in the property at the foreclosure sale, and
is now in possession of the premises. This seems plain upon
the face of the record. If the trial court erred in denying
the writ of assistance, the error is not pointed out in the
application for the writ. A statement that the action of the
court "in refusing to grant said writ of assistance as afore-
said was erroneous and not according to the rules of the com-
mon law" is not sufficient to point out a specific error when
none appears upon the face of the record.

"In the absence of special statutory provisions it is well
settled that before the court will grant the writ it must ap-
pear not only that the inferior tribunal has committed some
error of law, but also that the error has caused substantial
harm, and that the petitioner has been guilty of no laches in
seeking his remedy. The common rule is that where the re-
lator shows no equity, and, so far as his legal rights go, no
injury not remediable at law, it is proper to deny the use of
the writ." 5 R. C. L. 255.

See, also, 6 Cyc. 784, and cases there cited.

We are satisfied that no sufficient cause is shown for the
issuance of the writ, and the application is therefore denied.

Ellis, C. J., Holcomb, Parker, and Fullerton, JJ.,
concur.